NOT FOR PUBLICATION

## UNITES STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 20-00882 (GC) |
| JAMAR HIGHTOWER, | **MEMORANDUM OPINION** |
| Defendant. | |

**CASTNER, District Judge**

    **THIS MATTER** comes before the Court upon *pro se* Defendant Jamar Hightower's Application for Early Termination of Supervised Release.[1] (ECF No. 68.) The Court has carefully considered the submission and decides the matter without oral argument under Local Civil Rule 78.1(b), which applies to criminal cases pursuant to Local Criminal Rule 1.1. For the reasons set forth herein, and other good cause shown, Defendant's application is **DENIED** without prejudice.

## I.    BACKGROUND

    On April 5, 2022, Defendant plead guilty to possession of heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (ECF No. 49 at 1.[2]) On January 27, 2023 Defendant was sentenced to time served and to three years of supervised release. (ECF No. 66.) Mr. Hightower was classified as a career offender because he had prior felony convictions for

---

[1]    Mr. Hightower titled his motion "Motion for Early Termination of Probation." (ECF No. 68.) However, as Mr. Hightower is not currently serving probation, the Court understands he intends to apply for a shortened period of supervised release.

[2]    Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

controlled substance offenses. (ECF. No. 58 ¶ 33.) Defendant's supervised release began upon entry of the judgment against him. (ECF No. 66.) Defendant's supervised release included special conditions requiring: (1) drug testing and treatment; (2) mental health treatment; (3) consent to search; (4) participation in and completion of any educational, vocational, cognitive or other enrichment programs as directed by the U.S. Probation Office; and, (5) a requirement that Defendant only operate a motor vehicle with a valid driver's license from either the State of New Jersey or the state in which he is supervised, and a commitment to report all motor vehicle infractions within 72 hours to the U.S. Probation office. (*Id.* at 3-4.) The Court calculates that Defendant's term of supervision is set to expire on January 26, 2026. (ECF No. 66.)

On February 22, 2024, Defendant sent a letter to the Court to request the early termination of his supervised release. (ECF No. 68.) Defendant writes he has "successfully fulfilled requirements of [supervised release] without incident." (*Id.* at 2.) Defendant asserts he discussed this application with his probation officer, who "has stated that he would not oppose early termination at this time." (*Id.* at 2-3.) Mr. Hightower states that he has "demonstrated significant personal growth and positive changes since the start" of his period of supervised release, and that he has "diligently complied with all the requirements impose[d] upon [him]." (*Id.* at 4-5.) Further, Mr. Hightower has "taken proactive steps to address the root cause of [his] past mistakes" including attending counseling and surrounding himself with a strong support network of family and friends who encourage his rehabilitation journey. (*Id.* at 5.) Mr. Hightower "firmly believe[s] that [he is] now ready to reintegrate into society as a law-abiding citizen" and that he is "committed to continuing [his] positive growth and contributing positively to [his] community." (*Id.* at 5-6.)

2

## II.    LEGAL ANALYSIS

By statute, this Court may terminate a term of supervised release prior to its expiration at any time after the expiration of one year of supervised release. 18 U.S.C. § 3583(e)(1). When evaluating motions for early termination, courts begin by considering the following subset of the statutory sentencing factors:[3]

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed— . . .
>
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> . . .
>
> (4) the kinds of sentence and the sentencing range established for— . . . [the particular defendant and particular conviction or violation];
>
> (5) any pertinent policy statement— . . . [issued by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.
>
> [18 U.S.C. § 3553(a).]

---

[3]     Two statutory sentencing factors, 18 U.S.C. §§ 3553(a)(2)(A) and (a)(3), are excluded from this analysis: the seriousness of the offense and the adequacy of the defendant's punishment. 18 U.S.C. § 3583(e)(1). This omission aligns with probation's primary purpose, which is "to facilitate the integration of offenders back into the community rather than to punish them." *United States v. Sheppard*, 17 F.4th 449, 454 (3d Cir. 2021) (citations omitted).

"District courts are not required to make specific findings of fact with respect to each of these factors," but such relief should be granted "only if [the Court] is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *United States v. Melvin*, 978 F.3d 49, 52-53 (3d Cir. 2020) (citing 18 U.S.C. § 3583(e)(1)). It is the defendant's burden to show that they qualify for early termination. *United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989).

The Court's decision as to whether to terminate supervised release early is discretionary after examination of the record as a whole and consideration of the relevant statutory factors. *Melvin*, 978 F.3d at 52 ("The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." (citation omitted)).

In exercising its discretion, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Id.* Although such factors are not required, "if a sentence was 'sufficient, but not greater than necessary' when first pronounced," a reviewing court would generally "expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id.*

## III.   DISCUSSION

The Court commends the Defendant on his reintegration into society and the positive actions he has taken, including maintaining steady employment and completing the Outpatient Substance Use Disorder Program at Ponessa Behavioral Health. The Court encourages Defendant to continue on this path. Nevertheless, after careful consideration, the Court will deny without prejudice the application for early termination of supervised release. Defendant's success to date

4

represents supervised release functioning as intended, and the Court sees no reason at this time to deviate from the sentence.

Defendant has not given any reason why the early termination of supervised release is needed or what change has occurred that warrants a departure. The three-year term of supervised release is mandatory under 21 U.S.C. § 841(b)(1)(C). Defendant does not claim that supervision has limited or seriously burdened his personal or professional life since being released, and in the absence of any demonstrated justification for the early termination of federal supervision, it is not in the interest of justice for the Court to grant it.

Specifically, as to the nature and circumstances of the offense and the history and characteristics of the defendant, when applied to Mr. Hightower, this factor does not favor early termination. While there is reason to applaud Defendant's recent conduct, he is reported to have had various prior adult convictions, four of which were for distribution or intent to distribute a controlled substance and one of which was for escape from a halfway house. (ECF No. 58 at 12-18.) Multiple convictions for similar offenses weigh against ending supervised release early. *See, e.g.*, *United States v. Tiller*, Crim. No. 14-699, 2022 WL 1184793, at *2 (D.N.J. Apr. 20, 2022) ("The Defendant's conduct which is in compliance with the terms of his release is insufficient to outweigh the considerations set forth in 18 U.S.C. § 3553(a).").

As to the need to deter criminal conduct and protect the public from further crimes, this factor does not clearly favor early termination of supervised release. Defendant's generally compliant behavior may very well mean that he is committed to living a life within the law, and completion of his term of imprisonment may deter similar conduct by others. However, continuing supervision until its natural end affords additional deterrence and hopefully ensures that Defendant remains on his positive trajectory.

5

As to the kind and length of sentences established for this particular violation, Defendant agreed in his plea agreement that he be sentenced to at least three years of supervised release,[4] (ECF No. 49 at 2 ("[T]he sentencing judge must require [Defendant] to serve a term of supervised release of at least three years and a maximum of lifetime supervision.").) The three years imposed in this case are at the statutory minimum and the minimum amount agreed to in the plea agreement. The Court does not find a basis to revisit the length of supervision at this time.

As to the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, the Court notes that other district courts have maintained similar or, frequently, longer terms of supervised release in similar cases involving drug-related crimes. *See, e.g., United States v. Danzey*, 356 F. App'x 569, 571 (3d Cir. 2009) (affirming denial of motion for early termination of five-year supervised release where "[t]he Government acknowledged [defendant's] success thus far, but cautioned that further supervision was required given his history, the seriousness of the crime, and the sentence he is serving for it."); *United States v. Bowers*, Cr. No. 2:21-505, 2024 WL 361343, at *2 (W.D. Pa. Jan. 31, 2024) (denying early termination of a three year term of supervised release where Defendant did "not point to any unforeseen or new circumstances warranting termination."); *United States v. Wilson*, Cr. No. 19-8, 2023 WL 2957427, at *1 (W.D. Pa. Apr. 14, 2023) (denying early termination of a three year term of supervisory release because "[w]hile the Court commends Ms. Wilson for her compliance while on supervised release, that standing alone is not enough.")

---

[4]     As of this date, Defendant has served just over a year of supervised release.

IV.    **CONCLUSION**

For the reasons set forth above, and other good cause shown, Defendant's Application for Early Termination of Supervised Release (ECF No. 30) is **DENIED** without prejudice.    An appropriate Order follows.

Dated: March 27, 2024

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE